**Rosalia Lopez DE REYES, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Nos. 02–71480, 02–72337 and 02–74406.**

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 2004.*

Decided March 9, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of The District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, John C. Cunningham, Esq., Shelley R. Goad, Esq., Tracey L. Wood, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

We address three related and consolidated petitions for review. Petitioner Rosalia Lopez De Reyes petitions for review of the Board of Immigration Appeals' ("BIA") denial of her application for cancellation of removal (No. 02–71480), the BIA's first denial of De Reyes's motion to reopen (No. 02–72337), and the BIA's deni-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

al of De Reyes' motion to reopen after the BIA granted her motion to reconsider (No. 02–74406).

Because the facts are known to the parties, we recount them only as necessary to explain our determination. The Immigration and Naturalization Service ("INS") began removal proceedings against De Reyes on July 7, 1998, by filing a Notice to Appear. The Notice to Appear asserted that De Reyes had illegally entered the United States. On September 14, 1998, De Reyes appeared before an Immigration Judge ("IJ"), conceded removability, and applied for cancellation of removal or, in the alternative, voluntary departure. At that time, De Reyes was married to Gustavo Reyes–Gayot, who was a party to the same removal proceedings. On February 17, 1999, Reyes–Gayot testified about the "exceptional and extremely unusual hardship" that removal would have on their one-year-old daughter (a United States citizen). Reyes–Gayot testified that he and De Reyes feared that their daughter might be afflicted with Down's Syndrome. When Reyes–Gayot was unable to produce supporting medical records, the IJ granted a five-month continuation to obtain the necessary medical records.

The IJ reconvened hearings in August 1999, but Reyes–Gayot and De Reyes did not present any medical documentation as to their daughter's condition. Reyes–Gayot testified that the failure to provide the documentation was because the necessary tests were expensive and the petitioners had no medical insurance. De Reyes also testified at this hearing, detailing the "exceptional and extremely unusual hardship" that she thought her daughter would face if De Reyes was removed to Mexico.

On August 9, 1999, the IJ denied the application for cancellation of removal, finding that De Reyes had not established "exceptional and extremely unusual hard-

ship," but granted the request for voluntary departure. De Reyes and Reyes–Gayot appealed the IJ's decision. On April 30, 2002, the BIA affirmed the IJ on the "exceptional and extremely unusual hardship" grounds in a written opinion. De Reyes (and Reyes–Gayot) petitioned for review of this decision. (Case No. 02–71480).

On May 10, 2001, De Reyes and Reyes–Gayot moved the BIA to reopen. Reyes–Gayot stated that he was eligible for adjustment of status because he had divorced De Reyes and married a United States citizen. The BIA denied the motion to reopen on June 28, 2002, concluding that De Reyes and Reyes–Gayot were ineligible for adjustment of status because they had failed to voluntarily depart within thirty days of the BIA's April 30, 2002, decision. De Reyes and Reyes–Gayot petitioned for review of this decision (Case No. 02–72337).

On July 18, 2002, De Reyes and Reyes–Gayot moved for reconsideration of the BIA's June 28, 2002, decision asserting that then Ninth Circuit precedent, *Contreras–Aragon v. INS*, 852 F.2d 1088 (9th Cir.1988), required tolling of the voluntary departure period during the pendency of an appeal to the Ninth Circuit. As part of the motion to reconsider, De Reyes supplemented the record regarding the hardship that she contended that her daughter would face if De Reyes were removed.

On December 2, 2002, the BIA granted the motion to reconsider and vacated its June 28, 2002, decision. Examining De Reyes's underlying motion to reopen, the BIA first found that all of the documentation provided in the original motion to reopen dealt with Reyes–Gayot's application for adjustment of status, and did not "address the respondent in any way." The BIA then examined the supplemental documentation De Reyes had provided in the

motion to reconsider and concluded that reopening was not warranted. On December 22, 2002, De Reyes filed a petition for review of this decision (Case No. 02–74406).

On January 22, 2003, we dismissed Reyes–Gayot's petitions for review (Case Nos. 02–71480 and 02–72337) because the BIA had granted both his motion to reconsider and his underlying motion to reopen. We then consolidated all three of De Reyes's petitions for review, and we now address the petitions for review filed by De Reyes in the order that they were filed.

■ The first petition for review (Case No. 02–71480) must be dismissed for lack of jurisdiction. The BIA affirmed the IJ's determination that De Reyes had failed to show "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D). This is a discretionary decision that we have no jurisdiction to review. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 891 (9th Cir.2003). De Reyes attempts to bypass this bar by claiming the BIA violated her due process rights, *Ramirez–Perez v. Ashcroft,* 336 F.3d 1001 (9th Cir.2003), by not considering the impact of the BIA's elaboration of the "exceptional and extremely unusual hardship" standard in *Matter of Monreal-Aguinaga,* 23 I. & N. Dec. 56, 2001 WL 534295 (BIA 2001). Despite the fact that this case did not exist at the time of the IJ's decision in 1999, the BIA was aware of, and cited to, *Monreal-Aguinaga* in its April 30, 2002 denial of cancellation. There is no due process violation and we dismiss this petition for lack of jurisdiction.

■ The second petition for review (Case No. 02–72337) must be dismissed as moot. We review final administrative decisions. Because the December 2, 2002, decision of the BIA vacated the June 28, 2002, BIA decision that was the basis for this petition, there is no live controversy

regarding the June 28, 2002, order that was the subject of this petition for review (Case No. 02–72337). Because this petition for review is moot, we dismiss for lack of jurisdiction. *Lopez–Ruiz v. Ashcroft,* 298 F.3d 886, 887 (9th Cir.2002) (order).

■ The third petition for review (Case No. 02–74406) now before us contests the BIA's December 2, 2002, decision not to reopen De Reyes's case. We have jurisdiction to review the denial of a motion to reopen, *see Zazueta–Carrillo v. Ashcroft,* 322 F.3d 1166, 1169 (9th Cir.2003); *Reyes v. Ashcroft,* 348 F.3d 1126, 1128 (9th Cir. 2003), *as amended,* 358 F.3d 592 (9th Cir. 2004); 8 U.S.C. § 1252(a)(2)(B)(i)-(ii) (2004), because the denial of a motion to reopen is not a decision on the merits of the requested cancellation of removal.

We review the denial of a motion to reopen for an abuse of discretion. *INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Here, we see no abuse of discretion. The BIA considered that the motion to reopen was based initially on concerns about De Reyes's exhusband's remarriage. De Reyes supplemented the record with evidence of her daughter's new medical condition and the impact of De Reyes's removal on her daughter, but the BIA had this evidence in mind when it concluded that reopening was unwarranted. The evidence of De Reyes's divorce was before the BIA in its April 30, 2002, decision, and equivocal evidence of De Reyes's daughter's eye problem was not enough to cause the BIA to reopen. We cannot say that this was an abuse of discretion.

For the foregoing reasons, petitions 02–71480 and 02–72337 are DISMISSED for want of jurisdiction and petition 02–74406 is DENIED.