

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2006

# Saitoska v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3459

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Saitoska v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1785.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1785

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  04-3459

NURIJE SAITOSKA,

Petitioner

v.

*ALBERTO R. GONZALES, Attorney General
of the United States

Respondent

No. 04-3460

MAFI KUPI,

Petitioner

v.

*ALBERTO R. GONZALES, Attorney General
of the United States

Respondent

*Substituted pursuant to Rule 43c, F.R.A.P.

On Appeal from Orders entered by
The Board of Immigration Appeals
No. A95-144-576/5

Before: BARRY, and AMBRO, <u>Circuit Judges</u>
POLLAK**, <u>District Judge</u>

(Filed January 6, 2006)

_____

OPINION

_____

AMBRO, <u>Circuit Judge</u>

 This is an immigration case in which petitioners, Mafi Kupa, and his wife, Nurije

Saitoska, seek review of a decision of the Board of Immigration Appeals (BIA)

summarily dismissing their appeal for failure to file an appellate brief concerning an

immigration judge's decision denying their requests for asylum, withholding of removal,

and protection pursuant to the Convention Against Torture (CAT). For the reasons

provided below, we affirm.

 Kupa and Saitoska are natives and citizens of Macedonia who entered the United

States at Detroit, Michigan, on April 20, 2001. On August 2, 2001, Kupa filed

an application for asylum, including his wife and son, Argjent, as derivative applicants.

Kupa claimed that he had been mistreated in Macedonia due to his nationality,

_____

 **Honorable Louis H. Pollak, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.
membership in a particular social group, and political opinion.

The Government agency then charged with such matters—the Immigration and Naturalization Service ("INS")—placed Kupa and Saitoska in removal proceedings on October 1, 2001, charging that they had entered the United States without being admitted or paroled by an immigration officer. At an April 4, 2002, master calendar hearing, petitioners admitted the charges as amended to reflect the correct date and place of their entry into the United States, and conceded removability. They also indicated an intent to seek asylum, withholding of removal, and CAT protection.

An immigration judge (IJ) conducted a merits hearing on March 3, 2003. On March 6, 2003, the IJ issued an oral decision denying the application for asylum, withholding of removal, and CAT protection, and ordered that petitioners be removed to Macedonia.[1] On July 27, 2004, the BIA summarily dismissed petitioners' appeal, noting that they had elected in their notice of appeal to submit a written brief but had failed to do so. Shortly thereafter, Kupa filed a motion to reconsider, and included a written statement from his counsel explaining that the brief had been timely filed, but that it was probably attached to the wrong case. Included with his motion to reconsider was Kupa's brief arguing that the IJ applied the wrong standard of proof.

Despite the pending and timely filed motion to reconsider, on August 25, 2004, Kupa and Saitoska separately filed petitions for review with this Court, along with motions to stay removal. On November 9, 2004, we denied the motions to stay removal. On November 19, 2004, the BIA granted petitioners' motion to reconsider, reviewed their

_____

[1]The IJ also issued a written decision on April 4, 2005.

appeal on the merits, and upheld the IJ's adverse credibility determination. On December 15, 2004, we consolidated petitioners' petitions for review of the Board's July 27, 2004 order.

The Government contends that our Court lacks jurisdiction to review the consolidated petitions for review. We agree. As noted above, prior to seeking review of the BIA's July 27, 2004 order, petitioners filed a motion to reconsider with the BIA, arguing that, contrary to the BIA's July 27 order, they had in fact timely filed an appellate brief. As noted, on November 19 the BIA granted reconsideration and reinstated petitioners' appeal to it, but then affirmed their appeals on the merits. Petitioners did not petition for review of the BIA's November 19 decision. Thus, while we had jurisdiction to review the BIA's July 27 summary dismissal order, that decision was rendered moot by the BIA's November 19 final order.

The only issue before us in a review of the BIA's July 27 decision would have been whether the BIA properly exercised its discretion in summarily dismissing the petitioners' appeal for failure to file an appellate brief. However, that issue is no longer in controversy, as the BIA has already decided it in petitioners' favor. Therefore, we dismiss the consolidated petitions for review of the BIA's July 27 order as moot. Moreover, because the petitioners have not petitioned for review of the BIA's merits denial of their appeal (the November 19 order), we have no jurisdiction to review that ruling. *See* 8 U.S.C. § 1252(b)(1).

4