**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RAAD ABDUL-BAKI AL-ANI,

Petitioner,

v.

ALBERTO R. GONZALES,
Attorney General,

Respondent.

No. 04-9592
(No. A73-373-225)
(Petition for Review)

ORDER AND JUDGMENT[*]

Before **HENRY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Raad Abdul-Baki Al-Ani petitions this court to review the decision of the Board of Immigration Appeals (BIA) denying his second motion to reopen his deportation proceedings. Petitioner's counsel withdrew from the case after filing petitioner's appellate brief, and petitioner is now proceeding pro se. Respondent has moved to dismiss the petition for review for lack of jurisdiction, and we grant the motion because the issues raised in the petition for review are moot.

I.

Deportation proceedings were initiated against petitioner, a native of Iraq, in 1995, after he overstayed his student visa. The immigration judge denied his request for suspension of deportation, and the BIA upheld this decision. Petitioner filed his first motion to reopen his deportation proceedings in 1999, alleging changed country conditions, and seeking asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA denied the motion to reopen, and this court affirmed. *Al-Ani v. Ashcroft*, 97 F.App'x 879 (10th Cir. 2004) (unpublished).

Petitioner then filed a second motion to reopen in June 2004, again seeking asylum and relief under the CAT based on changed country conditions. The BIA denied the motion on August 30, 2004. It ruled the motion was untimely and number-barred under 8 C.F.R. § 1003.2(c), and that petitioner did not qualify for

the exception for untimely motions to reopen based on changed country conditions. On September 24, 2004, petitioner filed a motion for reconsideration with the BIA. At the same time, he filed a petition for review with this court on September 28, 2004, seeking appellate review of the BIA's August 30 denial of his second motion to reopen.

On March 7, 2005, while the petition for review was pending in this court, the BIA granted petitioner's motion for reconsideration and issued a new decision. It again denied petitioner's motion to reopen, but, notably, on different grounds than its original August 30 denial. Contrary to its earlier ruling, the BIA ruled that the motion to reopen was not number-barred or untimely. Instead, it considered petitioner's claims on the merits, and ruled that petitioner had failed to establish a prima facie case for the relief sought. Petitioner did not file a petition for review from the BIA's March 7, 2005, order.

The government has filed a motion to dismiss this petition for review for lack of jurisdiction. It contends the petition for review is moot because the August 30 order being appealed no longer constitutes the grounds relied upon by the BIA.[1] "We review the question of mootness de novo." *F.E.R. v. Valdez*,

---

[1] The government also contends that the BIA's grant of petitioner's motion for reconsideration rendered the August 30 order non-final. Because we conclude the petition is moot, we need not address this alternative jurisdictional theory.

58 F.3d 1530, 1532-33 (10th Cir. 1995). We agree that the issues raised in the petition for review are moot and therefore grant the motion to dismiss.

II.

Mootness is jurisdictional and derives from Article III's requirement that federal courts may adjudicate only live controversies between litigants. *Moongate Water Co. v. Dona Ana Mut. Domestic Water Consumers Ass'n*, 420 F.3d 1082, 1088 (10th Cir. 2005); *Fischbach v. N.M. Activities Ass'n*, 38 F.3d 1159, 1160 (10th Cir. 1994). The actual controversy "must exist at [all] stages of appellate or certiorari review, and not simply at the date the action is initiated." *Id.* (alteration in original; quotation omitted). A case becomes moot when the appellate court can fashion no meaningful relief. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992); *Jones v. Temmer*, 57 F.3d 921, 922 (10th Cir. 1995) (appeal becomes moot when the issue upon which the case is based ceases to exist). In such a situation, a federal court decision would constitute a constitutionally impermissible advisory opinion. *Jones*, 57 F.3d at 922.

Under the Immigration and Naturalization Act (INA), a petition for review from an original BIA decision is distinct from, and must be reviewed separately from, a petition seeking review of the BIA's ruling on a subsequent motion to

reconsider the original decision. *Stone v. INS*, 514 U.S. 386, 395 (1995) (holding that the filing of a motion for reconsideration does not toll the period for seeking judicial review of the underlying order). The INA, by its terms, contemplates two petitions for review and directs the courts to consolidate the petitions. *Id.* at 394; 8 U.S.C. § 1252(b)(6). In *Desta v. Ashcroft*, 329 F.3d 1179, 1184 (10th Cir. 2003), this court applied *Stone* to hold that even when a petitioner does not seek review of the BIA's denial of a motion to reconsider, this court retains jurisdiction over the petition for review of the original decision, and may consider an identical issue raised in the motion to reconsider.

Here, petitioner has filed one petition for review of the August 30, 2004, order, contending that the BIA erred by (1) denying the motion to reopen on the basis that it was number-barred; (2) denying the motion to reopen on the basis that it was untimely; and (3) failing to give reasoning or a detailed rationale for the denial. These three issues relate only to the August 30 order and are no longer in controversy in light of the BIA's March 7, 2005, final order, which denied his motion on the merits rather than on procedural grounds, discussed the evidence petitioner presented, and provided a detailed rationale for denying the motion. The March 7 order, therefore, rendered moot the petition for review of the August 30 order because the issues raised in the petition are no longer the basis for the BIA's decision. This case is easily distinguishable from *Desta*,

-5-

because in this case the BIA granted the motion to reopen, issued a new and legally separate order denying the motion to reopen on wholly different legal grounds, and none of the issues raised in the petition for review remain in controversy.

Petitioner argues that the BIA denied the motion to reopen in the March 7 order for the same reasons it had in the August 30 order, that is, his failure to present evidence of changed country circumstances. We disagree. As noted, the BIA's August 30 order was procedurally based; it concluded that petitioner's motion was untimely and number-barred and did not fall within the exception to the time and number bars based on changed country circumstances. As petitioner himself complained in his petition for review, the BIA never addressed whether he presented a prima facie case for asylum or relief under the CAT. In contrast, in the March 7 order, the BIA abandoned the procedural bars, and ruled instead on the underlying merits of each of petitioner's claims, ruling that petitioner had failed to establish a prima facie case for asylum or for relief under the CAT. Thus, a favorable decision from this court on any of the claims of error asserted in the petition for review would have no effect on the BIA's March 7 order denying petitioner's motion to reopen. *See In re Material Witness Warrant Nichols*, 77 F.3d 1277, 1279 (10th Cir. 1996) (ruling appeal moot where current

detention status based on different legal grounds than those relied upon in challenged district court action).

In summary, the claims of error raised by petitioner in his petition for review were rendered moot by the BIA's March 7, 2005 order, and this court cannot grant any effective relief with respect to those claims. Further, because petitioner did not petition for review of the BIA's March 7 merits denial of his second motion to reopen, we have no jurisdiction to review that ruling. *See* 8 U.S.C. § 1252(b)(1).

Respondent's motion to dismiss is GRANTED, and the petition for review is DISMISSED.

Entered for the Court

Robert H. Henry
Circuit Judge