*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0070p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

MU JU LI,

*Petitioner,*

*v.*

No. 06-3711

MICHAEL B. MUKASEY, Attorney General of the
United States,

*Respondent.*

On Petition for Review of a Decision
of the Board of Immigration Appeals.
No. A77 293 357.

Submitted: February 1, 2008

Decided and Filed: February 13, 2008

Before: DAUGHTREY and McKEAGUE, Circuit Judges; GWIN, District Judge.[*]

_____

**COUNSEL**

_____

**ON BRIEF:** Thomas V. Massucci, New York, New York, for Petitioner. Liza S. Murcia, David
V. Bernal, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

**OPINION**

_____

        McKEAGUE, Circuit Judge. Petitioner, a native and citizen of China, seeks review of the
Board of Immigration Appeals' ("BIA") decision denying her second motion to reopen removal
proceedings. The government argues that we lack jurisdiction over the petition for review because,
subsequent to its filing with this court, the BIA granted Petitioner's motion to reconsider and
released a new opinion addressing the arguments raised in Petitioner's second motion to reopen.
Petitioner has not sought review of the BIA's new decision nor has she replied to the government's
jurisdictional argument. For the reasons stated below, we agree with the government and **DISMISS**
the petition for lack of jurisdiction.

_____

        [*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by
designation.

1

# I. BACKGROUND

Ms. Mu Ju Li ("Petitioner"), is a native and citizen of China who entered the United States without proper documentation on or about November 15, 1999. As a result of her presence in the United States illegally, Petitioner was served with a Notice to Appear for removal proceedings. During such removal proceedings before the Immigration Judge ("IJ"), Petitioner conceded removability. Petitioner also submitted documentation seeking asylum, withholding of removal, and relief under the Convention Against Torture on the basis that she was victimized by China's population control policy. The IJ held a hearing on Petitioner's claims and issued a decision on September 10, 2001, denying Petitioner relief because her testimony was not credible. The BIA affirmed the IJ's decision without opinion on September 12, 2002.

Claiming changed circumstances based on her giving birth to another child in 2003, Petitioner filed a motion to reopen with the BIA almost eighteen months later on March 4, 2004. In a decision dated April 5, 2004, the BIA denied the motion to reopen on the grounds that it was not filed within ninety days of the IJ's final order, and the birth of another child did not qualify as "changed circumstances arising in the country of nationality" as is required for the exception to the time limit found in 8 C.F.R. § 1003.2(c)(3)(ii). On March 10, 2006, Petitioner filed a second motion to reopen in order to allow the filing of a second application for asylum. According to Petitioner, the second motion to reopen was filed pursuant to 8 U.S.C. § 1158(a)(2)(D) and 8 C.F.R. § 1208.4(a)(4), which provide an exception to the one-year statute of limitations for asylum applications where there are "changed circumstances which materially affect the applicant's eligibility for asylum." 8 U.S.C. § 1158(a)(2)(D).

The BIA denied Petitioner's second motion to reopen on May 11, 2006, because it was barred by the timing and numerical requirements found in 8 C.F.R. § 1003.2(c)(2) and did not qualify for the exception found in 8 C.F.R. § 1003.2(c)(3)(ii). The BIA's May 11, 2006, decision ("May decision") neglected to address Petitioner's argument that 8 U.S.C. § 1158(a)(2)(D) provided her with grounds to file a second motion to reopen and second application for asylum outside of the normal time restrictions. Petitioner sought timely review in this court of the BIA's May decision.

After petitioning this court for review, Petitioner filed a motion to reconsider with the BIA under 8 C.F.R. § 1003.2(b). Recognizing that its original opinion did not discuss Petitioner's argument regarding the applicability of 8 U.S.C. § 1158(a)(2)(D), the BIA issued a decision on September 20, 2006 ("September decision"), granting Petitioner's motion to reconsider and explaining why 8 U.S.C. § 1158(a)(2)(D) was inapplicable.[1] In the September decision, the BIA conducted an analysis of 8 U.S.C. § 1158(a)(2)(D) and concluded that it was inapplicable. Petitioner has failed to seek review in this court of the BIA's September decision.[2] The government argues that in light of the September decision we lack jurisdiction in this case because the BIA's May decision no longer constitutes a final order under 8 U.S.C. § 1252(a)(1). Because it is a threshold matter, we proceed first to analyze whether we have jurisdiction over the petition for review.

---

[1] Because a copy of the BIA's decision granting the motion to reconsider was not included in the Joint Appendix, the applicable documents were appended as Exhibit 1 to the government's brief.

[2] Inexplicably, Petitioner's brief filed on February 22, 2007, makes no mention of the motion to reconsider or the BIA's September decision. The existence of the motion to reconsider and the BIA's revised decision was brought to the attention of this court by the government. Similarly baffling is the fact that Petitioner has failed to file a reply brief to address the significance of the September decision and the government's argument that it divests this court of jurisdiction.

## II. ANALYSIS

Pursuant to 8 U.S.C. § 1252(a)(1), this court's jurisdiction in immigration cases is limited to "final orders of removal." *See Prekaj v. INS*, 384 F.3d 265, 267 (6th Cir. 2004). According to the government, the BIA's May decision over which Petitioner has sought review is no longer such a final order. Rather, the government contends that the BIA's September decision effectively vacated the May decision and replaced it as a final order of removal, and Petitioner's failure to separately seek review of the September decision divests this court of jurisdiction. Petitioner has provided this court with no response to the government's argument.

### A.  The Motion to Reconsider

The BIA may reconsider a prior decision on its own motion or that of a party. 8 C.F.R. § 1003.2(a). Whether reconsideration is warranted, is a decision committed to the discretion of the BIA. *Id*. According to the applicable regulation, "[a] motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). In terms of timing, a party shall file a motion to reconsider with the BIA no later than thirty days following the mailing of the BIA's decision. 8 C.F.R. § 1003.2(b)(2). A petition for appellate court review of the BIA's decision must also be filed within thirty days after the final order of removal. 8 U.S.C. § 1252(b)(1). A petition for review of the BIA's decision regarding a motion to reconsider shall be consolidated before this court. 8 U.S.C. § 1252(b)(6). These various provisions raised the question ultimately resolved by the Supreme Court in *Stone v. INS*, 514 U.S. 386 (1995), of whether the timely filing of a motion to reconsider with the BIA tolls the time period for seeking appellate court review of the BIA's final order of removal.

The Court in *Stone* explained the relationship between the filing of a motion to reconsider with the BIA and a petition for review with the appellate court. First, *Stone* held that the timely filing of a motion to reconsider with the BIA does not toll the time period for seeking appellate court review nor does the mere filing of the motion render the underlying BIA decision non-final. *Id*. at 389-90. Rather, *Stone* explained that under the statutory framework the alien may file a motion to reconsider with the BIA and simultaneously file a petition for review with the appellate court. *Id*. at 394. According to the Court, the statute's consolidation provision contemplates that if the BIA issues an order denying the motion to reconsider, it is a separate order requiring a separate petition for review. *Id*. at 395. The court of appeals will then consolidate the petition for review of the BIA's decision denying the motion to reconsider with the petition for review of the initial order. *Id*. Although necessary to appreciate the relationship between a motion to reconsider and a petition for appellate court review, *Stone* does not resolve the issue raised in the instant case; *Stone* only speaks to the effect of filing a motion to reconsider and the BIA's subsequent denial of it. *See id*. The Court's decision is silent with regard to a situation where the BIA has granted the motion to reconsider and entered a new decision. *See  Jaggernauth v. U.S. Attorney Gen.*, 432 F.3d 1346, 1351 (11th Cir. 2005).

### B. The Effect of Granting a Motion to Reconsider

Essential to determining whether we have jurisdiction in this case is understanding the effect that the BIA's grant of a motion to reconsider and entry of a new decision has on the previously filed decision. If by granting a motion to reconsider and filing a new order, the BIA has effectively vacated the prior order over which review has been sought, then the prior order is no longer a final order and we lack jurisdiction. However, if such action by the BIA does not disturb the earlier decision, then it remains in effect and our jurisdiction intact.

The purpose of a motion to reconsider is the correction of legal or factual errors that occurred in the BIA's original decision. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1). Therefore, a motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C). Because the existence of error in the original decision forms the basis for reconsideration, the BIA has held that when it grants a motion to reconsider it is "in effect placing [itself] back in time and considering the case as though a decision in the case on the record before us had never entered." *Matter of Cerna*, 20 I. & N. Dec. 399, 402 (1991). Elaborating on the BIA's decision in *Cerna*, the Second Circuit explained that when the BIA grants a motion to reconsider "the Board considers the case anew as it existed at the time of the original decision." *Zhao v. U.S. Dept. of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

In our opinion, when the BIA grants a motion to reconsider and—after considering the issues afresh— renders a new decision addressing the arguments raised, the original order has been vacated and a new order entered in its place. *See generally Cerna*, 20 I & N Dec. at 402. It follows logically that in such a circumstance, the BIA's prior decision cannot be deemed a final order of removal for purposes of this court's jurisdiction. To hold otherwise would be to place this court in the position of reviewing a decision that the BIA has deemed errant in some regard and non-binding on the parties or itself.

In this case, the BIA's May decision denied Petitioner's motion to reopen on the basis that it did not qualify for the exception to the time and numerical limitations found in 8 C.F.R. § 1003.2(c)(3)(ii). But, the decision neglected to consider Petitioner's primary argument that her second motion to reopen was governed by the exception found in 8 U.S.C. § 1158(a)(2)(D). Realizing that it failed to address Petitioner's argument regarding § 1158(a)(2)(D), the BIA granted the motion to reconsider and rendered a new decision fully explaining why § 1158(a)(2)(D) did not apply. In her brief before this court, Petitioner also argues that § 1158(a)(2)(D) entitles her to relief; therefore, it seems to this court that our decision on the propriety of the BIA's denial of relief should be based on the BIA's September decision that actually addressed Petitioner's argument. However, we are prohibited from examining the September decision because Petitioner has not filed a petition for review of that decision as is required by 8 U.S.C. § 1252(b)(1). To opine on the validity of the May decision, knowing full well that it has been replaced by the September decision, would be the equivalent of rendering an advisory opinion, which is forbidden by Article III of the Constitution. *See generally United States v. McGee*, 494 F.3d 551, 558 (6th Cir. 2007) (stating that Article III prevents this court from issuing advisory opinions).

While we recognize that the Eleventh Circuit's decision in *Jaggernauth* lends some support to the position that we have jurisdiction in this case, it is distinguishable and its reasoning unpersuasive. In *Jaggernauth*, the court held that the BIA's decision to grant a motion to reconsider during the pendency of a petition for review of the underlying order did not divest the court of appellate jurisdiction. *Jaggernauth*, 432 F.3d at 1351. Without engaging in an analysis of whether the BIA's new decision effectively vacated the earlier decision, *Jaggernauth* simply concluded that, based on the specific facts presented, "[w]e do not believe the BIA intended its second order to incorporate this new commentary [found in the reconsidered order] into its original order or otherwise change the substance of the original order." *Id*. Furthermore, the *Jaggernauth* court stated that the BIA's order granting reconsideration indicated that it intended to leave the previous order "intact and unmodified." *Id*.

Thus, the court in *Jaggernauth* avoided the analysis we engage in today by stressing that the BIA's reconsidered decision expressed a desire to keep the underlying order "intact" and did not intend to "change the substance of the original order." *Id*. Such is not the case here. Unlike *Jaggernauth*, there is no language in the BIA's September decision indicating that it was not intended to replace the BIA's May decision. Furthermore, our conclusion that we lack jurisdiction over the BIA's earlier order is bolstered by decisions rendered by the Third, Ninth, and Tenth

Circuits. *See Saitoska v. Gonzales*, 163 F. App'x 105, 106 (3d Cir. 2006) (finding that it lacked jurisdiction over the petition for review where the BIA granted the petitioner's motion to reconsider and entered a new decision resolving the case on separate grounds and review had not been sought of the BIA's later decision); *see also Al-Ani v. Gonzales*, 171 F. App'x 715, 717 (10th Cir. 2006) (holding that it lacked jurisdiction because the BIA granted the petitioner's motion to reconsider and issued a new decision denying relief on other grounds and a new petition for review had not been filed); *De Reyes v. Ashcroft*, 92 F. App'x 482, 484-85 (9th Cir. 2004) (dismissing the petition for review due to lack of jurisdiction where the BIA granted petitioner's motion to reconsider and entered a new order over which no review had been sought).[3]

By granting the Petitioner's motion to reconsider and issuing a new order complete with new reasoning, the BIA effectively vacated the May 11, 2006, decision that we have been asked to review. As a result, the May decision no longer constitutes a final order of removal and we lack jurisdiction over the petition for review. Petitioner could have avoided dismissal by simply filing a timely petition for review of the BIA's September 20, 2006, decision. Having failed to do so, we have no jurisdiction to review the merits of the BIA's September decision. *See* 8 U.S.C. § 1252(b)(1); *see also Saitoska*, 163 F. App'x at 107 (finding that the court lacked jurisdiction to consider the BIA's order granting reconsideration because the petitioner failed to file a timely petition for review of that decision). In so holding, we provide those who practice before the BIA with a clear rule: Where a petition for review is filed with this court and a motion to reconsider is filed with the BIA, if the BIA grants the motion to reconsider and renders a new decision addressing the issues presented in the case, then the new decision effectively vacates the prior decision and a separate petition for review of the new decision must be filed with this court.[4]

## III. CONCLUSION

For the foregoing reasons, we **DISMISS** the petition for review.[5]

---

[3] While the courts in *Saitoska*, *Al-Ani*, and *De Reyes* each found that they lacked jurisdiction based on the grounds of mootness, we are of the opinion that given the facts of the instant case the jurisdictional defect is more appropriately referred to as the absence of a final order as opposed to mootness. However, regardless of whether couched in terms of mootness or a non-final order, the result is the same: we lack jurisdiction to review the BIA's May decision.

[4] To hold that the May decision remains a final order of removal notwithstanding the BIA's reconsideration of it and entry of another decision, could potentially lead to circumstances where this court is confronted with two conflicting orders—the original order and the reconsidered order—both of which would be deemed "final" orders. Adopting such an approach would force this court to answer difficult questions such as: Which order governs the case? What if one of the orders contains misstatements of law, while the other is legally correct, do we grant the petition for review or deny it? Another vexing question that would result from concluding that we have jurisdiction in this case would be the extent to which we could examine the September decision. Could we review the BIA's reasoning in the September decision even though Petitioner has not filed a petition giving us the authority to do so? The approach we set forth today avoids these difficult questions and provides guidance to those who practice before the BIA.

[5] Having concluded that we lack jurisdiction in this case, we decline Petitioner's request dated January 29, 2008, to consolidate this appeal with that in *Hui Yan Wang v. Mukasey*, No. 07-4038, and to order supplemental briefing regarding the merits in this case.