NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0527n.06

Case No. 25-3235

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 14, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| JOVITA CRUZ-LOPEZ, | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW OF |
| | ) | A FINAL ORDER FROM THE |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| PAMELA BONDI, Attorney General, | ) | |
| Respondent. | ) | OPINION |
| | ) | |

Before: BATCHELDER, GILMAN, and LARSEN, Circuit Judges.

**RONALD LEE GILMAN, Circuit Judge**. An immigration judge (IJ) denied Jovita Cruz-Lopez's application for cancellation of removal, but granted her request for voluntary departure. The IJ found that Cruz-Lopez had failed to meet the statutory standard of "exceptional and extremely unusual hardship" to a qualifying relative—a showing necessary to warrant cancellation of removal under 8 U.S.C. § 1229b(b)(1)(D). Cruz-Lopez appealed the IJ's decision to the Board of Immigration Appeals (BIA), and also moved for termination of the proceedings on the basis that she was served with an allegedly defective Notice to Appear.

The BIA dismissed the appeal and denied the motion to terminate. Before this court, Cruz-Lopez challenges only the denial of her application for cancellation of removal. For the reasons set forth below, we DENY the petition for review.

## I.   BACKGROUND

Cruz-Lopez is a citizen of Mexico who unlawfully entered the United States in 1999.  She has one child, Eduardo, who is a United States citizen.  At the time of the hearing before the IJ in August 2020, Eduardo was 19 years old and worked part-time as a line cook.  Eduardo and Cruz-Lopez live with Cruz-Lopez's sister, as well as the sister's husband and son.  Cruz-Lopez believes that Eduardo would not move with her if she is removed to Mexico.

During the hearing before the IJ, Cruz-Lopez presented documentary and testimonial evidence in support of her contention that Eduardo will suffer emotional and economic hardship if she is removed.  The IJ ultimately found that the alleged hardship did not rise to the level of being exceptional and extremely unusual.  Cruz-Lopez timely appealed to the BIA, which agreed with the IJ that Cruz-Lopez had failed to meet the hardship standard.  This timely petition for review followed.

## II.  ANALYSIS

### A.  Standard of review

"Where, as here, the BIA issues its own decision rather than summarily affirming the IJ, the BIA decision is reviewed as the final agency decision, but the IJ's decision is also reviewed to the extent that the BIA adopted it." *Harmon v. Holder*, 758 F.3d 728, 732 (6th Cir. 2014).  Section 1252(a)(2)(D) of the Immigration and Naturalization Act (INA) permits judicial review of hardship determinations, but the provision is silent as to the appropriate standard of review.  The Supreme Court recently clarified that because the application of the exceptional-and-extremely-unusual-hardship standard is a mixed question of law and fact, but is "primarily factual," "that review is deferential." *Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).

We have not yet decided exactly what level of deference we should give to the BIA's conclusions on this issue. But we need not resolve that question here because, under any level of deference, Cruz-Lopez cannot establish that Eduardo will suffer exceptional and extremely unusual hardship. *See Moctezuma-Reyes v. Garland*, 124 F.4th 416, 423 (6th Cir. 2024) ("No matter the precise level of deference, the Immigration Judge and the BIA correctly found that [petitioner] 'failed to establish the required exceptional and extremely unusual hardship to his family.'" (quoting *Singh v. Rosen*, 984 F.3d 1142, 1154 (6th Cir. 2021)).

### B. Requests for consolidation and remand

As a preliminary matter, Cruz-Lopez asserts that she has a motion to reopen pending before the BIA that was filed after the record in this proceeding was closed. In that motion, she argues that her case should be reopened in light of new precedent and because the IJ and the BIA applied the wrong legal standards. Cruz-Lopez further argues that this pending motion to reopen should be consolidated with her present petition for review. *See* 8 U.S.C. § 1252(b)(6) ("When a petitioner seeks review of an order under this section, any review sought of a motion to reopen or reconsider the order shall be consolidated with the review of the order.").

But her request is premature because the BIA has not yet issued a decision on the motion to reopen. We have jurisdiction to review only "final order[s] of removal," including "decisions refusing to reopen or reconsider such orders." *Mata v. Lynch*, 576 U.S. 143, 147-48 (2015) (quoting 8 U.S.C. § 1252(a)(1)). This means that we lack jurisdiction to review *pending* motions to reopen or reconsider such matters. *See Madrigal v. Holder*, 572 F.3d 239, 242 (6th Cir. 2009) ("[O]ur jurisdiction is limited to the review of final orders of removal . . . [including] denials of a motion to reopen.").

Alternatively, Cruz-Lopez argues that we should remand her petition for review so that the BIA can reconsider the merits along with the pending motion to reopen. But the underlying BIA order remains final despite the pending motion to reopen, and if the BIA denies the motion to reopen, then Cruz-Lopez may file a second petition for review. *See Mu Ju Li v. Mukasey*, 515 F.3d 575, 578 (6th Cir. 2008) (explaining that "if the BIA issues an order denying the motion to reconsider, it is a separate order requiring a separate petition for review" (citing *Stone v. I.N.S.*, 514 U.S. 386, 395 (1999), *abrogated on other grounds by Riley v. Bondi*, 145 S. Ct. 2190, 2203 (2025)).

## C. Exceptional-and-extremely-unusual-hardship standard

We now turn to the merits of Cruz-Lopez's petition. Under §§ 1229b(b)(1)(A)–(D) of the INA, noncitizens subject to removal proceedings are eligible for cancellation of removal if they demonstrate that they (1) have "been physically present in the United States for at least 10 years," (2) have "been a person of good moral character," (3) have "not been convicted of a specified criminal offense," and (4) have "established that removal would result in exceptional and extremely unusual hardship" to their "spouse, parent, or child, who is a United States citizen or lawful permanent resident." *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 468 (B.I.A. 2002). The primary issue before us is whether the IJ and the BIA properly concluded that Cruz-Lopez failed to establish that her removal would result in exceptional and extremely unusual hardship to her child, Eduardo. We hold that the IJ and the BIA did not err in so ruling.

To establish "exceptional and extremely unusual" hardship, an applicant for cancellation of removal must provide evidence of harm to her spouse, parent, or child "that's significantly different from or greater than the hardship that a deported alien's family normally experiences."

*Moctezuma-Reyes*, 124 F.4th at 422. Cruz-Lopez challenges the application of the exceptional-and-extremely-unusual-hardship standard by the IJ and the BIA on several grounds.

She first argues that the BIA incorrectly applied an "unconscionable" hardship standard. According to her, the BIA should have conducted an "independent statutory analysis" interpreting the meaning of "exceptional and extremely unusual hardship" under *Loper Bright Enterprises. v. Raimondo*, 603 U.S. 369 (2024), and the BIA should have applied the "substantially beyond" hardship standard established in *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001).

But after conducting an independent statutory analysis under *Loper Bright*, this court determined in *Moctezuma-Reyes* that "exceptional and extremely unusual hardship" means hardship "'substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here.'" 124 F.4th at 422 (quoting *Monreal*, 23 I. & N. Dec. at 65). This is also the standard first established in *Monreal* that Cruz-Lopez directs our attention to. *See Monreal*, 23 I. & N. Dec. at 65. And it is the standard that the IJ applied here.

Cruz-Lopez further argues that the IJ and the BIA failed to analyze the hardship cumulatively, and that they ignored nonmedical hardship such as emotional distress, economic detriment, family ties, country conditions, educational impact, and permanent separation. But the IJ specifically considered Eduardo's age (19 at the time of the hearing), his part-time employment, his ability to seek future employment, his lack of any significant medical conditions, and the likelihood that he would continue living with other family members in the United States if Cruz-Lopez were removed. *See Monreal*, 23 I. & N. Dec. at 63 ("For cancellation of removal, we consider the ages, health, and circumstances of qualifying . . . United States citizen relatives.").

After reviewing the record, the IJ concluded that "Eduardo will likely experience emotional and economic stress if [Cruz-Lopez] is removed, but that [such] hardship is not substantially beyond that which would be expected to normally accompany the deportation of a parent." Because the IJ and the BIA considered the evidence that Cruz-Lopez presented and assessed the alleged hardship cumulatively, we find no basis to disturb that determination.

In addition, Cruz-Lopez argues that the IJ failed to consider that she lacked any other pathway to legally immigrate to the United States. But Cruz-Lopez did not present any evidence to the IJ suggesting a lack of alternative immigration options, nor did she raise that issue on appeal before the BIA. *See Fernandez-Villafan v. Garland*, No. 23-3223, 2023 WL 8651267, at *6 (6th Cir. Dec. 14, 2023) ("[Petitioner] did not raise whether he could legally immigrate before the IJ, so he should not have expected the IJ to consider it."). We decline to consider her arguments related to alternative immigration options in the first instance.

Cruz-Lopez next contends that the BIA failed to consider the best interests of Eduardo. But this argument misunderstands the applicable legal standard. The IJ was not required to consider Eduardo's best interests; rather, the IJ was required to assess potential hardship to Eduardo. Because the IJ and the BIA applied the correct legal standard and considered the evidence that Cruz-Lopez offered, we decline to disturb the ruling on this basis.

Cruz-Lopez further argues that the BIA improperly found that Eduardo had "aged out" as a qualifying child while Cruz-Lopez's appeal to the BIA was pending. But because Cruz-Lopez has not shown that Eduardo would experience exceptional and extremely unusual hardship if she were removed, we need not decide if Eduardo "aged out" of qualifying-relative status while the appeal was pending. *See Rahman v. Bondi*, 131 F.4th 399, 409 (2025) (noting that courts need not

"decide issues that are 'unnecessary' to the outcome of the case before them" (quoting *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam))).

Finally, Cruz-Lopez contends that the BIA violated her Fifth Amendment right to due process by affirming the IJ without providing a reasoned analysis of the arguments that she made on appeal. But the BIA in fact provided a reasoned analysis by citing facts in the record, considering legal authority, and applying precedent. *Cf. Hernandez-Perez v. Whitaker*, 911 F.3d 305, 319 (6th Cir. 2018) (holding that "[r]emand is . . . necessary to give the [BIA] an opportunity to properly apply settled law" where the BIA "did not consider the facts in the record, cite legal authority, or apply precedent"). Cruz-Lopez has thus failed to show a constitutional violation.

## III. CONCLUSION

For all of the reasons set forth above, we DENY Cruz-Lopez's petition for review.