# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2011

No. 08-60194

Lyle W. Cayce
Clerk

NICOLAS ANTONIO ESPINAL,
also known as Nicolas Antonio Pacienci Espinal,
also known as Nicholas A. Espinal,
also known as Nicolas A. Espinal

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before JONES, Chief Judge, and BENAVIDES, Circuit Judge and AYCOCK,
District Judge.[*]

EDITH H. JONES, Chief Judge:

Nicolas Antonio Espinal, a native and citizen of the Dominican Republic
and a former lawful permanent resident of the United States, petitions for
review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal
of an immigration judge's ("IJ") removal order. Whether this court has appellate
jurisdiction over Espinal's appeal when the BIA sua sponte reconsidered and

---

[*] District Judge of the Northern District of Mississippi, sitting by designation.

No. 08-60194

revised the order that he appealed, but he filed no subsequent petition for review, is the significant issue here.   Concluding that we have appellate jurisdiction, we grant Espinal's petition for review because of an intervening Supreme Court decision.  *See Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010).

## 1.  BACKGROUND

The immigration judge held that Espinal was subject to removal following his 2007 misdemeanor conviction for possession of crack cocaine under New York law, and that he was statutorily ineligible for cancellation of removal based upon two previous drug convictions under the same statute from 2003 and 2005. Espinal appealed this order to the BIA, which dismissed on February 5, 2008 ("February Order").

Espinal moved the BIA to reconsider and filed a petition for review in this court.  Espinal argued to the BIA that it erred by finding him ineligible for cancellation of removal relief, since none of his New York drug convictions qualified as an aggravated felony under the relevant statutes.  *See* 8 U.S.C. § 1229b(a) ("The Attorney General may cancel removal in the case of an alien who is . . . deportable from the United States if the alien . . . has not been convicted of any aggravated felony."); 8 U.S.C. § 1101(a)(43) (defining "aggravated felony").  The BIA denied Espinal's motion for reconsideration, but in a subsequent order on March 28, 2008 ("March Order"), it sua sponte reconsidered the February Order.  The March Order expressly affirmed the dismissal of Espinal's appeal, but slightly modified the February Order only to rely upon Espinal's 2003 and 2007 drug convictions for its holding.  Espinal did not file a new petition for judicial review of the March Order.

## 2.  JURISDICTION

The Government contends that by reconsidering its February Order, "granting" reconsideration, and issuing the March Order, the BIA effectively

vacated the February decision and rendered it non-final for purposes of judicial review.

The court reviews issues of jurisdiction de novo. *Nehme v. I.N.S.*, 252 F.3d 415, 420 (5th Cir. 2001). Under 8 U.S.C. § 1252(a)(1), this court has jurisdiction to review "final" orders of removal. *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007). An order of removal becomes final when the BIA affirms the immigration judge's finding of removability or when the time for appealing that decision has expired. *Id.* (citing 8 U.S.C. § 1101(a)(47)(B)). A petition for review must be filed with the court of appeals within 30 days of the BIA's issuance of the final order. *Jaggernauth v. Attorney Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005) (citing 8 U.S.C. § 1252(b)(1)-(2)).

In addition to filing a petition for review in this court, an alien may simultaneously seek reconsideration by the BIA within 30 days from the date of entry of the final order. *Plasencia-Ayala v. Mukasey*, 516 F.3d 738, 744 (9th Cir. 2008) (citing 8 U.S.C. § 1229a(c)(6)), *overruled on other grounds by Marmolejo-Campos v. Holder*, 558 F.3d 903 (9th Cir. 2009). Filing a motion for reconsideration does not render the initial order of removal non-final for purposes of judicial review. *See, e.g., Stone v. I.N.S.*, 514 U.S. 386, 395, 115 S. Ct. 1537, 1544 (1995); *Thomas v. Attorney Gen.*, 625 F.3d 134, 139 (3d Cir. 2010). Nor does the BIA's *denial* of a motion to reconsider "affect federal court jurisdiction over the underlying removal order." *Plasencia-Ayala*, 516 F.3d at 745. The more difficult question arises where the BIA decides to reconsider and modifies its order while judicial review is pending.

Most circuits that have addressed this issue have concluded that the grant of a motion for reconsideration and issuance of a subsequent BIA order do not necessarily render the initial removal order non-final, or moot. *See Thomas*, 625 F.3d at 140; *Plasencia-Ayala*, 516 F.3d at 745-46; *Jaggernauth*, 432 F.3d at 1351; *see also Khouzam v. Ashcroft*, 361 F.3d 161, 167 (2d Cir. 2004) (finding

No. 08-60194

jurisdiction where BIA denied motion for reconsideration, but clarified the reasoning of its initial order). These courts hold that unless the BIA's new order vacates or materially changes its original order, the reviewing court continues to have jurisdiction over the petition. *See Thomas*, 625 F.3d at 141 (3d Cir.); *Plasencia-Ayala*, 516 F.3d at 745 (9th Cir.). We adopt this case-by-case approach, and hold that this court retains jurisdiction over a petition for review so long as the BIA's grant of reconsideration does not materially change, or effectively vacate, the order under review.

Here, the BIA's March Order did not vacate or materially change its February Order. We thus retain appellate jurisdiction. Although the BIA may affirm, modify or reverse its original order after granting reconsideration, 8 C.F.R. § 1003.2(i), the BIA expressly affirmed the February Order and retained nearly all of its reasoning. The BIA simply abandoned its reliance on Espinal's 2005 drug conviction to find him ineligible for cancellation of removal relief. The March Order left intact the earlier order's general legal anaylsis of the impact of the remaining convictions[1] and its ruling on Espinal's due process claim. No material change occurred. We see no reason to require Espinal "to raise the identical issue again in a petition to review" the March Order, especially where the BIA "expressly affirms the BIA's prior decision and its analysis does not

---

[1] The BIA held that Espinal was ineligible for cancellation of removal because he is an alien convicted of an aggravated felony. An aggravated felony includes "a drug trafficking crime," which in turn includes "any felony punishable under the Controlled Substances Act [CSA] (21 U.S.C. § 801 *et seq*.)." 8 U.S.C. § 1101(a)(43)(B); 18 U.S.C. § 924(c)(2). The CSA provides that a conviction for a simple possession offense after "a prior conviction for any drug . . . offense chargeable under the law of any State" has become final may be punished as a felony. 21 U.S.C. § 844(a). Since this recidivist offense requires only one prior drug conviction, the presence or absence of Espinal's 2005 conviction would not change the outcome of his petition. Although this reasoning was ultimately rejected by the Supreme Court, it was then sufficient that Espinal was convicted in 2007 for drug possession following an identical conviction in 2003. The BIA could thus abandon its reliance on the 2005 conviction without changing the substance of its decision.

No. 08-60194

significantly differ" from its prior order. *Plasencia-Ayala*, 516 F.3d at 745 (quoting *Desta v. Ashcroft*, 329 F.3d 1179, 1184 (10th Cir. 2003)).

The Government contends that *Mu Ju Li v. Mukasey*, 515 F.3d 575 (6th Cir. 2008), dictates a different outcome. In *Mu Ju Li*, the court concluded that it lost jurisdiction over a petition for review once the BIA granted petitioner's motion for reconsideration. *Id.* at 580. The BIA granted reconsideration to redress its failure to consider petitioner's principal legal argument in its initial opinion. *Id.* at 579. After recognizing this error, the BIA reconsidered its order and rendered a new decision fully disposing of petitioner's arguments. *Id.* The court held that because the BIA's subsequent decision effectively "replaced" the original order, the court had no jurisdiction over the petition for review of the first order. *Id.* As the court put it, "[t]o opine on the validity of the May decision, knowing full well that it has been replaced by the September decision, would be the equivalent of rendering an advisory opinion . . . ." *Id.*

In contrast, the BIA here made no such critical error, but abandoned one factual basis for its decision while leaving the balance of its analysis identical. Nor did the BIA here, as it did in *Mu Ju Li*, "in effect" place itself "back in time" and consider the case as though a decision in it "had never entered," *id.* at 578 (quoting *In re Cerna*, 20 I. & N. Dec. 399, 402 (B.I.A. 1991)). Although *Mu Ju Li* purports to disavow the holding of *Jaggernauth*, its result is not inconsistent with that case or the present one because the BIA in *Mu Ju Li* had materially altered the basis for its decision.

The Government also suggests that for a court to review a BIA decision that has been revised following reconsideration violates our statutory duty to confine appellate review "only [to] the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). We disagree. Where a BIA order on reconsideration has not materially altered or "effectively vacated" the reasoning, much less the result of the initial decision, appellate review

No. 08-60194

realistically incorporates the non-material alteration while also serving to expedite review, a statutory goal noted by the Supreme Court in *Stone*, 514 U.S. at 400, 115 S. Ct. at 1546.

Accordingly, this court has jurisdiction over Espinal's petition.

### 3. MERITS

On the merits, Espinal does not dispute his removability because of his convictions, but argues that the BIA erred by determining that his 2007 drug conviction constituted an "aggravated felony" that rendered him ineligible for cancellation of removal pursuant to 8 U.S.C. § 1229b(a).

This court has jurisdiction to review BIA determinations of questions of law. *Smith v. Gonzales*, 468 F.3d 272, 275 (5th Cir. 2006) (citing 8 U.S.C. § 1252(a)(2)(D)).[2]

Under the Immigration and Nationality Act ("INA"), "a lawful permanent resident subject to removal from the United States may apply for discretionary cancellation of removal if, *inter alia*, he 'has not been convicted of any aggravated felony.'" *Carachuri-Rosendo*, 130 S. Ct. at 2580-81 (internal citations omitted) (citing 8 U.S.C. § 1229b(a)(3)). For immigration purposes, an aggravated felony includes a "drug trafficking crime" as that term is defined in 18 U.S.C. § 924(c). 8 U.S.C. § 1101(a)(43)(B). Section 924(c)(2) defines "drug trafficking crime" in pertinent part as "any felony punishable under the Controlled Substances Act [CSA] (21 U.S.C. § 801 *et seq*.)."[3] 18 U.S.C. § 924(c)(2). The CSA provides that a conviction for a simple possession offense after "a prior conviction for any drug . . . offense chargeable under the law of any

---

[2] Although Espinal has already been removed from the United States, the case is not moot if (1) Espinal was not convicted of an "aggravated felony" and (2) he continues to satisfy the requirements of 8 U.S.C. § 1229b(a). *See Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2584 n.8 (2010).

[3] A "felony" is a crime for which the "maximum term of imprisonment authorized" is "more than one year." 18 U.S.C. § 3559(a).

No. 08-60194

State" has become final may be punished as a felony.  21 U.S.C. § 844(a); *Carachuri-Rosendo*, 130 S. Ct. at 2581.  Thus, a second state conviction for simple possession may qualify as an "aggravated felony."

The Supreme Court recently clarified, however, that for a state conviction to qualify as an "aggravated felony" under the INA, the conduct prohibited by state law must not only be punishable as a felony under federal law, but "the defendant must *also* have been *actually convicted* of a crime that is itself punishable as a felony under federal law." *Carachuri-Rosendo*, 130 S. Ct. at 2589. This means that "second or subsequent simple possession offenses are not aggravated felonies under § 1101(a)(43) when . . . the state conviction is not based on the fact of a prior conviction." *Id.* at 2580.  Because none of Espinal's New York drug convictions were based upon the fact of a prior conviction, Espinal has not been convicted of a felony punishable under the Controlled Substances Act.  The BIA erred by determining that Espinal was ineligible for cancellation of removal.

For these reasons, Espinal's petition for review is GRANTED.  The order of the BIA is VACATED, and the case is REMANDED to allow him to pursue cancellation of removal in light of *Carachuri-Rosendo*.