REVISED APRIL 11, 2011

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 8, 2011

Lyle W. Cayce
Clerk

No. 09-60254

MARIE IVES GREGOIRE,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of an Order
of the Board of Immigration Appeals
(A75 394 639)

Before REAVLEY, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

On March 4, 2011, we denied Marie Gregoire's petition for review of a final order of deportation. After the decision was issued, the parties delinquently brought to our attention a November 17, 2010 order in which the BIA, after granting Gregoire's motion to reopen, remanded her petition for further proceedings before an Immigration Judge. The parties filed a joint motion to vacate the opinion and to dismiss the petitions for review for lack of jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the reasons outlined below we VACATE our opinion and DISMISS the petitions for review for lack of jurisdiction.

On March 12, 2009, the BIA issued a final order of deportation, which held that Gregoire was not eligible for adjustment of her status (the "March 12 Order"). On the same day that the BIA issued its order, Gregoire filed a motion for reconsideration. She also filed a Petition for Review with this court, which was held in abeyance pending her motion to reopen. In a December 18, 2009 order, the BIA denied Gregoire's motion. Gregoire filed an additional Petition for Review with this court on January 6, 2010. Gregoire filed another motion to reopen with the BIA on April 9, 2010. We denied Gregoire's request to hold these appeals in abeyance pending the BIA's disposition of her April 9 motion.

On November 17, 2010, the BIA granted Gregoire's motion to reopen and remanded Gregoire's petition to an Immigration Judge (the "November 17 Order"). In the November 17 Order, the BIA reopened the proceedings after noting the totality of circumstances in the respondent's unopposed motion, including the continuing devastation in Haiti. The BIA remanded the record to the Immigration Judge to provide Gregoire with the opportunity to pursue an application for adjustment of status based on the approved immediate relative visa filed on her behalf by her husband, who is a United States citizen. The parties failed to alert this court to the BIA's November 17 Order until March 7, 2011. In the meantime, however, on March 4, 2011, we had issued an opinion deciding the issues contained in the petition for review of the March 12, 2009 Order.

On March 7, 2011, the parties filed a joint motion to vacate our opinion and to dismiss Gregoire's petitions for review for lack of jurisdiction. They contended that the November 17 Order effectively vacated the March 12 Order.

This unusual procedural posture is strikingly similar to the recently-decided case of Espinal v. Holder, __ F.3d __, 2011 WL 1049508 (5th Cir. March

24, 2011). In Espinal we joined the majority of circuits in holding that the grant of a motion for reconsideration and issuance of a subsequent BIA order do not necessarily render the initial removal order non-final or moot for the purpose of a reviewing court. Id. at 1-2. But, the retention of jurisdiction by the appellate court is premised on the "BIA's grant of reconsideration [ ] not materially chang[ing] or effectively vacat[ing] the order under review." Id. at 2.

It is clear that the BIA's grant of reconsideration of Gregoire's claim materially changed the order. The March 12 Order was a final order of deportation, whereas the November 17 Order remanded the case to the Immigration Judge for further proceedings. Accordingly, because the BIA's grant of reconsideration materially changed the order reviewed in our March 4 opinion, which we interpret to mean under the applicable precedents that we lack jurisdiction because the March 12 Order that we reviewed was not a final order, the opinion is therefore WITHDRAWN, the judgment is VACATED and Gregoire's petitions for review are DISMISSED.