# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 27, 2012

No. 11-60467
Summary Calendar

Lyle W. Cayce
Clerk

MOHAMMAD IRFAN,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 028 405

Before DAVIS, DeMOSS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mohammad Irfan (Irfan) petitions this court for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reconsider its dismissal of his appeal from the denial of his application for withholding of removal, protection under the Convention Against Torture (CAT), and special rule cancellation of removal. He argues that the immigration judge (IJ) committed error and abused his discretion by denying relief and that the BIA erred by affirming the IJ's determination that he failed to show that it was likely

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that he would face future torture in Pakistan. Irfan further contends that the evidence does not support the IJ's and BIA's finding that the harm that he suffered did not constitute persecution and torture. He argues that he was eligible for special rule cancellation of removal and that the decisions of the IJ and BIA are not supported by reasonable, substantial, and probative evidence.

On November 18, 2010, the BIA affirmed the IJ's decision and dismissed Irfan's appeal. Irfan did not file with this court a petition for review of the BIA's dismissal of his appeal. Rather, Irfan filed a motion with the BIA for reconsideration of the dismissal. On June 13, 2011, the BIA denied reconsideration. Irfan's petition for review was filed with this court on July 12, 2011. It is timely with respect to the BIA's denial of his motion for reconsideration, but it is not timely with respect to the BIA's dismissal of his appeal. *See* 8 U.S.C. § 1252(b)(1). Because Irfan did not file a timely petition for review of the BIA's November 18, 2010 decision that affirmed the IJ's decision and dismissed his appeal, this court lacks jurisdiction over that decision. *Stone v. INS*, 514 U.S. 386, 405-06 (1995); *Espinal v. Holder*, 636 F.3d 703, 705 (5th Cir. 2011); *Guevara v. Gonzales*, 450 F.3d 173, 176 (5th Cir. 2006). This court's jurisdiction therefore extends only to the BIA's June 13, 2011 denial of reconsideration.

Irfan fails to analyze the BIA's reasons for denying his motion to reconsider, which the BIA provided in a clearly worded, succinct opinion. Rather than address the BIA's rationale, explain why the BIA's conclusions constitute error, and explain why the order constitutes an abuse of discretion, *see Chambers v. Mukasey,* 520 F.3d 445, 448 (5th Cir. 2008), Irfan's argument focuses on the IJ's decision and the BIA's rationale for dismissal of his appeal of the IJ's decision. Irfan fails to explain why reconsideration was warranted by the BIA. Irfan's failure to address the rationale set forth in the BIA's denial of his motion for reconsideration constitutes a waiver of the only issue that is before this court—whether the BIA abused its discretion by denying Irfan's motion for

No. 11-60467

reconsideration. *See United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010); FED. R. APP. P. 28(a)(9).

      Irfan's petition for review is therefore DENIED.