# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60584

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2020

Lyle W. Cayce
Clerk

LINYI ZHENG,

      Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

      Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 843 874

Before HIGGINBOTHAM, JONES, and DUNCAN, Circuit Judges.

PER CURIAM:*

Linyi Zheng petitions for review of a now-vacated deportation order. We dismiss for lack of jurisdiction.

## I.

Zheng, a native and citizen of China, entered the United States on May 7, 2015, without having been admitted or paroled. In March 2016, Zheng applied for asylum, withholding of removal, and protection under the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60584

Convention Against Torture. She testified before an immigration judge ("IJ"), who found her ineligible for any relief and ordered her deported to China.

Zheng appealed to the Board of Immigration Appeals ("BIA"), which found no clear error in the IJ's findings. The BIA dismissed the appeal on August 6, 2018. Zheng timely filed a petition for review with this court. On April 25, 2019, after both parties submitted briefing, the BIA issued an order correcting an oversight in the August 6, 2018 decision and substituting an amended decision. While the amended decision did not change the outcome or reasoning of the prior decision, it stated that the prior "August 6, 2018, decision" was "vacated."

Both Zheng and her counsel received notice of the amended decision. Zheng did not submit a response, nor did she petition for review of the amended decision. The government submitted to this court a copy of the amended decision, which was construed as a motion to supplement the record. The motion was granted on October 31, 2019.

II.

We review jurisdictional issues *de novo. Nehme v. I.N.S.*, 252 F.3d 415, 420 (5th Cir. 2001). We have jurisdiction to consider timely petitions seeking review of final removal orders. 8 U.S.C. § 1252(a)(1). We do not retain jurisdiction over a petition for review, however, if the BIA grants reconsideration and "materially change[s], or  effectively vacate[s]" the order under review. *Espinal v. Holder*, 636 F.3d 703, 706 (5th Cir. 2011); *see also Chen v. Barr*, 755 F. App'x 437, 438 (5th Cir. 2019) (explaining that "explicit vacatur of a prior decision by the BIA divests this court of jurisdiction").

Here, the BIA's amended April 2019 decision stated that its prior August 2018 decision was "vacated." We therefore do not retain jurisdiction over Zheng's petition for review of the vacated August 2018 decision. *See Espinal*, 636 F.3d at 706. Because Zheng did not file a timely petition for review of the

2

No. 18-60584

April 2019 order, we lack jurisdiction to review that order. *See Moreira v. Mukasey*, 509 F.3d 709, 713 (5th Cir. 2007).

DISMISSED