# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2021

Lyle W. Cayce
Clerk

No. 19-60871
Summary Calendar

DACHEL LOPEZ ACOSTA,

*Petitioner*,

*versus*

JEFFREY A. ROSEN, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 201 690 031

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Dachel Lopez Acosta is a native and citizen of Cuba. Originally, Lopez Acosta sought review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the Immigration Judge (IJ)

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because the BIA has since granted his motion to reopen, Lopez Acosta has filed a motion to stay the proceedings. The Government opposes the motion to stay and has filed a motion to dismiss for lack of jurisdiction. Lopez Acosta's motion to stay will be denied, and the Government's motion to dismiss will be granted. The petition for review will be dismissed for lack of jurisdiction.

This court generally has jurisdiction to review a "final order of removal." 8 U.S.C. § 1252(a). An order of removal is final when the Board affirms an IJ's finding of removability or when the time for appealing an IJ's decision has expired. 8 U.S.C. § 1101(a)(47)(B). "Judicial review of a final order of removal is available only where the applicant has exhausted all administrative remedies of right." *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); § 1252(d)(1); *see also Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009). In this case, the BIA has granted Lopez Acosta's motion to reopen and remanded the case to the IJ. The BIA has specifically ordered that the IJ enter a new decision regarding Lopez Acosta's eligibility for asylum, withholding of removal, and CAT relief. The BIA must address any claims arising from these proceedings before Lopez Acosta can assert them before this court. *See Roy,* 389 F.3d at 137. Because Lopez Acosta is currently pursuing administrative remedies below, he is no longer subject to a final order of removal that this court has jurisdiction to review. *Id.*; *see Gregoire v. Holder*, 421 F. App'x 432, 433 (5th Cir. 2011) (holding that a BIA order granting reconsideration and remanding the matter to an IJ deprived this court of jurisdiction).

MOTION TO STAY PROCEEDINGS DENIED. MOTION TO DISMISS GRANTED. PETITION FOR REVIEW DISMISSED.