# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2022

Lyle W. Cayce
Clerk

No. 20-61095
Summary Calendar

Michael Leonard Mora-Jimenez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 825 273

Before King, Costa, and Ho, *Circuit Judges.*

Per Curiam:*

Michael Leonard Mora-Jimenez is a native and citizen of Cuba. Originally, Mora-Jimenez sought review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the Immigration Judge (IJ) denying his motion to reopen his removal proceedings

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61095

and rescind his in absentia order of removal.  Because the BIA has since granted a motion to reopen, the parties have filed a joint motion to dismiss the instant petition for review for lack of jurisdiction.

This court generally has jurisdiction to review a "final order of removal."  8 U.S.C. § 1252(a).  An order of removal is final when the BIA affirms an IJ's finding of removability or when the time for appealing an IJ's decision has expired.  8 U.S.C. § 1101(a)(47)(B).  "Judicial review of a final order of removal is available only where the applicant has exhausted all administrative remedies of right."  *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); § 1252(d)(1); *see also Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009).  In this case, the BIA has granted a motion to reopen and remanded the case to the IJ.  The BIA has specifically ordered that the IJ reopen the proceedings in which Mora-Jimenez was ordered removed in absentia.  The BIA must address any claims arising from these proceedings before Mora-Jimenez can assert them before this court.  *See Roy*, 389 F.3d at 137.  Because Mora-Jimenez is currently pursuing administrative remedies below, he is no longer subject to a final order of removal that this court has jurisdiction to review.  *Id.*; *see Gregoire v. Holder*, 421 F. App'x 432, 433 (5th Cir. 2011) (holding that a BIA order granting reconsideration and remanding the matter to an IJ deprived this court of jurisdiction). [1]

MOTION TO DISMISS GRANTED.  PETITION FOR REVIEW DISMISSED.

---

[1] Unpublished opinions issued on or after January 1, 2996, are not binding precedent, but they may be persuasive authority. *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006); 5TH CIR. R. 47.5.4.