# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2022

Lyle W. Cayce
Clerk

No. 20-60946
Summary Calendar

RODNEY RUIZ PENA,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General,*

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A213 288 411

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Rodney Ruiz Pena, a native and citizen of Cuba, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the Immigration Judge (IJ) ordering him

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60946

removed.  After briefing was complete, the BIA granted the parties' joint motion to reopen and remanded the matter to the IJ for further proceedings.

We should always be mindful of our jurisdiction and raise the issue sua sponte if necessary. *Goonsuwan v. Ashcroft*, 252 F.3d 383, 385 (5th Cir. 2001). We generally have jurisdiction to review "final order[s] of removal." 8 U.S.C. § 1252(a).

An order of removal becomes final upon affirmance of the IJ's decision by the BIA or upon expiry of the time for appealing the IJ's decision. *Espinal v. Holder*, 636 F.3d 703, 705 (5th Cir. 2011); 8 U.S.C. § 1101(a)(47)(B).  The grant of a motion to reopen that vacates or materially changes a formerly final order renders the order nonfinal, thus depriving this court of jurisdiction over the pending appeal or petition for review.  *See* § 1252(d)(1); *cf. Espinal*, 636 F.3d at 705-06.  Because we may review a final order of removal only if "the applicant has exhausted all administrative remedies of right," failure to exhaust results in a jurisdictional bar to review. *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); § 1252(d)(1).

The BIA has granted a motion to reopen and remanded the case to the IJ.  In other words, the BIA vacated the order at issue in this petition for review. *See Espinal*, 636 F.3d at 705-06.  Further, the BIA must address any claims arising from these proceedings before Ruiz Pena can assert them before this court. *See Roy*, 389 F.3d at 137.  Because Ruiz Pena is currently pursuing administrative remedies below, he is no longer subject to a final order of removal that this court has jurisdiction to review.  *Id.*; § 1252(d)(1).  Consequently, the petition for review is DISMISSED for want of jurisdiction.