# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2022

Lyle W. Cayce
Clerk

No. 20-60922
Summary Calendar

Dikonge Dasime Itoe,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 315 974

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Dikonge Dasime Itoe, a native and citizen of Cameroon, petitioned for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the Immigration Judge (IJ) denying his applications for asylum, withholding of removal, and relief under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60922

Convention Against Torture.  Because the BIA has since granted a motion to reopen and remanded the matter to the IJ for further proceedings, the respondent has filed an unopposed motion to dismiss the instant petition for review for lack of jurisdiction.

We generally have jurisdiction to review a "final order of removal." 8 U.S.C. § 1252(a)(1).  An order of removal is final when the BIA affirms an IJ's decision or when the time for appealing an IJ's decision has expired.  8 U.S.C. § 1101(a)(47)(B).  Because this court may review a final order of removal only if "the applicant has exhausted all administrative remedies of right," failure to exhaust results in a jurisdictional bar to review.  *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); § 1252(d)(1).

In this case, the BIA has specifically ordered that the proceedings be reopened and has stated that, on remand, the parties will have an opportunity to update the record and the IJ will have an opportunity to further assess the merits of Dasime Itoe's claims, including any newly offered evidence.  The BIA must address any claims arising from these proceedings before Dasime Itoe can assert them before this court.  *See Roy*, 389 F.3d at 137.  Because Dasime Itoe is currently pursuing administrative remedies below, he is no longer subject to a final order of removal that this court has jurisdiction to review.  *See id.*; *see also Gregoire v. Holder*, 421 F. App'x 432, 433 (5th Cir. 2011) (holding that a BIA order granting reconsideration and remanding the matter to an IJ deprived this court of jurisdiction). [1]

MOTION TO DISMISS GRANTED.  PETITION FOR REVIEW DISMISSED.

---

[1] Unpublished opinions issued on or after January 1, 1996, are not binding precedent, but they may be persuasive authority. *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006); 5th Cir. R. 47.5.4.