# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2022

Lyle W. Cayce
Clerk

No. 21-60133
Summary Calendar

Nelson Disotuar-Garcia,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 287 464

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Nelson Disotuar-Garcia, a native and citizen of Cuba, petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the decision of the immigration judge (IJ) denying his motion to reopen his removal proceedings and rescind his in absentia order of removal.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60133

After briefing was complete, the BIA granted the parties' joint motion to reopen and remanded the matter to the IJ for further proceedings. As a result, the respondent has filed a motion to dismiss the petition for review for lack of jurisdiction.

Federal appellate courts generally have jurisdiction to review "final order[s] of removal." 8 U.S.C. § 1252(a)(1); *see Espinal v. Holder*, 636 F.3d 703, 705 (5th Cir. 2011). An order of removal becomes final upon affirmance of the IJ's decision by the BIA or upon expiry of the time for appealing the IJ's decision. *Espinal*, 636 F.3d at 705; 8 U.S.C. § 1101(a)(47)(B). Because this court may review a final order of removal only if "the applicant has exhausted all administrative remedies of right," failure to exhaust results in a jurisdictional bar to review. *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); § 1252(d)(1).

In this case, the BIA has granted a motion to reopen proceedings in which Disotuar-Garcia was ordered removed in absentia and has remanded the case to the IJ. The BIA must address any claims arising from these proceedings before Disotuar-Garcia can assert them before this court. *See Roy*, 389 F.3d at 137. Because the record indicates that Disotuar-Garcia is currently pursuing administrative remedies below, he is no longer subject to a final order of removal that this court has jurisdiction to review, and the petition for review should be dismissed for want of jurisdiction. *See id.*; *see also Gregoire v. Holder*, 421 F. App'x 432, 433 (5th Cir. 2011) (holding that a BIA order granting reconsideration and remanding the matter to an IJ deprived this court of jurisdiction).[1]

---

[1] Unpublished opinions issued on or after January 1, 1996, are not binding precedent, but they may be persuasive authority. *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006); 5TH CIR. R. 47.5.4.

No. 21-60133

MOTION TO DISMISS GRANTED. PETITION FOR REVIEW DISMISSED.