# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-60364
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2023

Lyle W. Cayce
Clerk

ADETOKUNBO ABOSEDE BROOKS,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A028 988 727

————————————————————

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

In view of *Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1116 (2023), the court sua sponte grants rehearing and substitutes the following for the opinion previously withdrawn in this matter, *Brooks v. Garland*, No. 22-60364, 2023 WL 3254990 (5th Cir. May 4, 2023).

——————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-60364

Adetokunbo Abosede Brooks seeks review of a final decision of the Board of Immigration Appeals denying her application for waiver of the requirement to file a joint petition for removal of conditions and ordering her removed. The only argument she presents for our review is unexhausted under 8 U.S.C. § 1252(d)(1), and we decline to consider it. Accordingly, the petition for review is DENIED.

Brooks, a native and citizen of Nigeria, lawfully entered the United States in 1986 on a six-month visa. Three years later, her status was adjusted to that of a conditional permanent resident alien based on her marriage to a U.S. citizen. Brooks timely filed a joint petition to have the conditions on her permanent resident status removed, and she and her spouse appeared for an interview before the Immigration and Naturalization Service ("INS") concerning the bona fides of their marriage. During his interview, her spouse stated that he neither saw nor signed the joint petition, and he formally withdrew from the joint application. Soon after, Brooks and her spouse filed for divorce, and Brooks filed with the INS an application for waiver of the requirement to file the joint petition for removal of conditions, claiming that she entered the marriage in "good faith." In April 1992, the INS denied Brooks' request to waive the filing of the joint petition and formally terminated her conditional permanent resident status. The INS then commenced deportation proceedings, for which Brooks did not appear, and she was ordered removed *in absentia* in September 1992.

In 2015, Brooks filed a motion with the immigration court seeking reopening of her case, which the Immigration Judge ("IJ") granted, because she did not receive notice of her original hearing. The IJ then heard several days of testimony from Brooks concerning the circumstances of her marriage. Upon the hearing's conclusion, the IJ issued a decision sustaining the charge of deportation and upholding the INS' denial of Brooks' request to waive the filing of the joint petition. In evaluating the credibility of Brooks' testimony,

the IJ applied the framework outlined by § 101(d)(2) of the REAL ID Act of 2005, codified as amended at 8 U.S.C. § 1229a(c)(4)(C). Brooks appealed the decision to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision without opinion in 2022. She then filed a petition for review with this court, arguing that the BIA erred in applying the REAL ID Act's credibility framework to the *de novo* review of her application for relief because it was filed prior to the passage of the REAL ID Act.

Federal law generally proscribes judicial review of any decision or action of the Secretary of Homeland Security which is specified to be in his or her discretion.[1] 8 U.S.C. § 1252(a)(2)(B)(ii). The granting of a hardship waiver for an individual who fails to submit a joint petition for removal of conditional status is reserved to the discretion of the Secretary of Homeland Security and thus generally is not subject to our review. *Id.* § 1186a(c)(4); *see Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 233 (5th Cir. 2009). However, federal law does not preclude "review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(2)(D). Whether the BIA, in affirming the IJ's decision, applied the correct statutory framework is a question of law, so we have jurisdiction over this issue.

---

[1] Brooks briefly argues that this provision, which was passed as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, should not be applied retroactively to her final order of removal from 1992. However, that order is no longer final—the IJ's granting of Brooks' motion to reopen vacated her 1992 order of removal. *Cf. Espinal v. Holder*, 636 F.3d 703, 706 (5th Cir. 2011) ("[T]his court retains jurisdiction over a petition for review so long as the BIA's grant of reconsideration does not materially change, or effectively vacate, the order under review."); *Pena v. Garland*, No. 20-60946, 2022 WL 996574, at *1 (5th Cir. Apr. 4, 2022) ("The BIA has granted a motion to reopen . . . . In other words, the BIA vacated the order at issue in this petition for review." (citing *Espinal*, 636 F.3d at 705–06)). The BIA's 2022 decision is the final order of removal under review, and there is no question that § 1252 applies to that decision.

No. 22-60364

Even so, the Government may timely object to our consideration of arguments that a petitioner failed to exhaust before the BIA. *Carreon v. Garland*, 71 F.4th 247, 254 (5th Cir. 2023); *see also* 8 U.S.C. § 1252(d)(1) (granting review of a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right"). This exhaustion requirement is a claim-processing rule, rather than a jurisdictional one; as such, it is subject to waiver and forfeiture. *Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1116 (2023). The Government argues in its briefing that Brooks did not raise this issue before the BIA—in fact, in her brief in support of her appeal to the BIA, she argued that the REAL ID Act's framework for assessing credibility was controlling. Nowhere did she suggest to the BIA that her credibility should have been assessed under the pre-REAL ID Act framework. Because of Brooks' failure to raise this issue before the BIA, the Government objects to our consideration of it under § 1252(d)(1)'s exhaustion requirement. This objection is timely, and we agree with the Government that the issue is unexhausted. Accordingly, we decline to reach it.[2]

The petition for review is DENIED.

---

[2] This decision does not reach whether § 1252(d)(1) is a mandatory claim-processing rule; rather, we would enforce the exhaustion requirement in this case even if the rule was not mandatory. *See Carreon*, 71 F.4th at 257 n.11.